Ganka Hadjipetrova, Esq.
State Bar No. 274073
3080 South Court
Palo Alto, CA 94306
Tel.: (408) 910-0390
Fax: (650) 433-5471
Email: ganka@hadjipetrovalaw.com

Attorneys for Plaintiffs
TMT Investments Plc, German Kaplun and Alexander Morgulchik

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| TMT INVESTMENTS PLC,<br><br>GERMAN KAPLUN, and<br><br>ALEXANDER MORGULCHIK,<br><br>         Plaintiffs,<br><br>    vs.<br><br>JOHN DOE, 1-10,<br><br>        Defendants. | Case No.: CV 14-05323 HRL<br><br>**PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[DECLARATION OF GANKA HADJIPETROVA, AND [PROPOSED] ORDER GRANTING EX PARTE APPLICATION FILED CONCURRENTLY HEREWITH]** |

Plaintiffs TMT Investments Plc, German Kaplun, and Alexander Morgulchik ("Plaintiffs") respectfully apply to the Court *ex parte* for leave to conduct discovery on an expedited basis.  Specifically, Plaintiffs request leave to promptly take depositions and obtain documents from Automattic, Inc. ("Automattic") and Facebook, Inc. ("Facebook") to learn the identities of the Doe defendants in this action and to require Automattic and Facebook to respond within 10 days of service of the subpoenas.

1

This discovery will permit Plaintiffs to find out the identities of the Doe defendants who have engaged in the acts of defamation, invasion of privacy, interference with business relations, and trademark infringement described in the Complaint.  Expedited discovery is necessary to identify and serve the defendants and provide them with notice of a proposed preliminary injunction hearing.  The expedited nature of the discovery will allow the parties to properly prepare for a preliminary injunction hearing and limit the harmful effects of the protested in the Complaint conduct.

For these reasons, Plaintiff respectfully request that the Court approve the instant application for expedited discovery.

Dated: February 27, 2015                    Respectfully submitted:


GANKA HADJIPETROVA

Attorney for Plaintiffs
TMT INVESTMENTS PLC
GERMAN KAPLUN
ALEXANDER MORGULCHIK

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.        BACKGROUND

In the Fall of 2014, Defendants began publishing the blog sites armdconflict.wordpress.com and tmtinvestments.wordpress.com.  The blog armdconflict.wordpress.com ("Armdconflict blog") is dedicated to describing a perceived conflict between, on the one hand, German Kaplun and Alexander Morgulchik and, on the other hand, the CEO of Armada OAO, a software and IT services public company traded on the Russian stock exchange.  The blog tmtinvestments.wordpress.com ("TMT blog") has published statements which question the integrity of the Plaintiffs and insinuate their involvement in criminal dealings.  In one example of a defamatory publication, the Doe defendants refer to Plaintiffs as "a questionable self-dealing fund led by a notorious group of managers." (Para 27. Aug 26)  In another publication  Kaplun's team has been engaged in such spoof operations for a long time: at first, RBC was inflating the traffic, misrepresenting visits to sites, now they are inflating the number of downloads in the app store, which by Western standards amounts to fraud, i.e. deception of investors. (Para 53, Sep 17)

In October 2014, Defendants began publishing the Facebook page "TMT Investments Plc" at http://www.facebook.com/tmtinvestments ("Facebook page").  The Facebook page is using TMT Investments' trade name without authorization and creates a risk of confusion in the public as to Plaintiff TMT Investments' sponsorship or approval of the publications on the Facebook page.  The Facebook page has included links to the Armdconflict blog and the TMT blog.

The Doe defendants have not published their true names or contact information on the blogs or the Facebook page.  Plaintiffs need expedited discovery so they can serve Defendants and proceed with this action.

EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

1

2      **II.      ARGUMENT**

3          **A.      Plaintiff Must Be Permitted to Conduct Discovery to Identify the Doe**
               **Defendants.**
4

5          Courts, including this Circuit, allow plaintiffs to conduct discovery to determine the

6    identity of unknown defendants. *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.

7    1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained

8    through discovery); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980) ("the

9    plaintiff should be given an opportunity through discovery to identify the unknown defendants,

10   unless it is clear that discovery would not uncover the identities . . . .").

11         The publications subject to this complaint are anonymous and Plaintiffs have been unable

12   to determine the identity of the publishers based on publicly accessible information.  Plaintiffs

13   need to obtain the information necessary to identify the publishers from the operators of the web

14   sites where the publications have been published.  The Court should allow Plaintiffs to make

15   with these discovery requests in order to serve Defendants and proceed with the litigation.

16

17         **B.      There is Good Cause for Expedited Discovery to Identify the Doe**
               **Defendants.**
18

19         Upon stipulation or court order, Federal Rule of Civil Procedure 26(d)(1) allows a party

20   to conduct expedited discovery prior to the Rule 26(f) conference.  Courts in this Circuit have

21   typically applied a "good cause" standard when evaluating motions for expedited discovery.

22   *Apple Inc. v. Samsung Elecs. Co., Ltd*., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (noting

23   Ninth Circuit courts generally apply good cause standard).  Under the good cause, or

24   reasonableness, standard, "[g]ood cause may be found where the need for expedited discovery, in

25   consideration of the administration of justice, outweighs the prejudice to the responding party."

26   *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  To determine

27   the existence of good cause for expedited discovery, courts have considered factors such as: "(1)

28

EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

1   whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the

2   purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with

3   the requests; and (5) how far in advance of the typical discovery process the request was made."

4   *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

5           This request for expedited discovery meets the good cause standard because it is narrow

6   and limited, will impose only a minimal burden on the responding parties, and will enable the

7   advancement of this action.  Furthermore, Plaintiffs intend to file a preliminary injunction and

8   would like to be able to serve proper notice of the injunction to Defendants.

9

10  **III.      CONCLUSION**

11          Plaintiffs respectfully requests that the Court enter an order granting Plaintiff's ex parte

12  application and allow Plaintiffs to take immediate discovery and to require response to the

13  discovery within 10 days for the limited purpose of discovering Defendants' identities.

14

15  Dated: February 27, 2015                    Respectfully submitted:

16

17

18                                               GANKA HADJIPETROVA

19                                               Attorney for Plaintiffs
20                                               TMT INVESTMENTS PLC
                                                 GERMAN KAPLUN
21                                               ALEXANDER MORGULCHIK

22

23

24

25

26

27

28

EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

Ganka Hadjipetrova, Esq.
State Bar No. 274073
3080 South Court
Palo Alto, CA 94306
Tel.: (408) 910-0390
Fax: (650) 433-5471
Email: ganka@hadjipetrovalaw.com

Attorneys for Plaintiffs
TMT Investments Plc, German Kaplun and Alexander Morgulchik

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TMT INVESTMENTS PLC,<br><br>GERMAN KAPLUN, and<br><br>ALEXANDER MORGULCHIK,<br><br>       Plaintiffs,<br><br>      vs.<br><br>JOHN DOE, 1-10,<br><br>       Defendants. | Case No.: CV 14-05323 HRL<br><br>**DECLARATION OF GANKA HADJIPETROVA** |

I, GANKA HADJIPETROVA, declare and state as follows:

1.      I am the attorney of the plaintiffs in this action.

2.      I was retained by the plaintiffs in November 2014 to represent them in their court action against the publishers of defamatory to them statements published in two blogs, located at http://armdconflict.wordpress.com and http://tmtinvestments.wordpress.com, and on the Facebook page "TMT Investments Plc," located at http://www.facebook.com/tmtinvestments.

6

3.      Based on my knowledge and belief, Plaintiffs are unaware of the identity of the publishers of the complained of statements.

4.      The two blogs and the Facebook page have been published anonymously and contain no information about the identity of the publishers.

5.      In the Fall of 2014, I sent a take-down request via email and mail to the legal department of Automattic, Inc. regarding the two blogs.  Automattic responded via email with a writtrefused to take down the blogs or reveak the identity of the publishers without a court order.

6.      At the same time, I submitted a complaint and a take-down request to Facebook regarding the "TMT Investments Plc" Facebook page via the web site's online complaint form. Facebook did not remove the page and did not respond.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 27, 2015                    Respectfully submitted:


                                             GANKA HADJIPETROVA

EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

1

2  Ganka Hadjipetrova, Esq.
   State Bar No. 274073
3  3080 South Court
   Palo Alto, CA 94306
4  Tel.: (408) 910-0390
   Fax: (650) 433-5471
5  Email: ganka@hadjipetrovalaw.com

6  Attorneys for Plaintiffs
   TMT Investments Plc, German Kaplun and Alexander Morgulchik

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  TMT INVESTMENTS PLC,              Case No.: CV 14-05323 HRL

13  GERMAN KAPLUN, and
                                      **[PROPOSED] ORDER GRANTING EX**
14  ALEXANDER MORGULCHIK,             **PARTE APPLICATION FILED**
                                      **CONCURRENTLY HEREWITH**
15                     Plaintiffs,

16           vs.

17  JOHN DOE, 1-10,

18                     Defendants.

19

20         Plaintiffs' Ex Parte Application for Expedited Discovery to discover the identity of

21
    Defendants is GRANTED.  The subpoenaed parties shall respond within 10 days of accepting
22
    service of the discovery request.
23
    IT IS SO ORDERED.
24

25

26  Dated: _____

27                                    _____
                                      The Honorable Howard R. Lloyd
28                                    United States Magistrate Judge

                                      8

            EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EX PARTE APPL. FOR EXPEDITED DISCOVERY, CASE NO. CV 14-05323 HRL

10