**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**\*E-Filed: April 8, 2015\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TMT INVESTMENTS PLC; et al.,

        Plaintiffs,

   v.

JOHN DOE, 1-10,

        Defendants.

_____/

No. C14-05323 HRL

**ORDER:**

**(1) DENYING WITHOUT PREJUDICE EX PARTE APPLICATION FOR EXPEDITED DISCOVERY; and**

**(2) CONTINUING CASE MANAGEMENT CONFERENCE TO JUNE 30, 2015**

**[Re: Docket No. 6]**

      TMT Investments PLC, German Kaplun, and Alexander Morgulchik sue John Doe, 1-10, for defamation, invasion of privacy, interference with business relations, and trademark infringement. Plaintiffs allege that in the fall of 2014, the Doe defendants began to publish the blogs armdconflict.wordpress.com ("Armdconflict Blog") and tmtinvestments.wordpress.com ("TMT Blog"). Armdconflict Blog is allegedly dedicated to describing a perceived conflict between Kaplun and Morgulchik, and the CEO of Armada OAO. The TMT Blog has allegedly published statements that question the integrity of the Plaintiffs and insinuate their involvement in criminal dealings. In addition, Plaintiffs allege that in October 2014, the Doe defendants began publishing the Facebook page, "TMT Investments Plc," at http://www.facebook.com/tmtinvestments ("Facebook Page"). According to Plaintiffs, the Facebook page uses TMT Investments' trade name without authorization and creates a risk of confusion in the public as to TMT Investments' sponsorship or

1   approval of the publications on the Facebook Page.  In addition, the Facebook Page allegedly

2   includes links to the Armdconflict Blog and the TMT Blog.

3         Presently before the Court is Plaintiffs' Ex Parte Application for Expedited Discovery.  Dkt.

4   No. 6.  Plaintiffs request leave to take depositions and obtain documents from Automattic, Inc. and

5   Facebook, Inc. to learn the identities of the Doe defendants.  Plaintiffs argue that the Doe defendants

6   have not published their true names or contact information on the Blogs or Facebook Page, and

7   Plaintiffs have been unable to determine the identity of the publishers based on publicly accessible

8   information.

9         Under Fed. R. Civ. P. 26(d)(1), discovery is not permitted without a court order prior to a

10   conference between the parties as required by Fed. R. Civ. P. 26(f) and then only upon a showing of

11   "good cause."  *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

12   When considering good cause, courts consider: whether: (1) the plaintiff can identify the missing

13   party with sufficient specificity such that the Court can determine that the defendant is a real person

14   or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken

15   to locate the elusive defendant; (3) the plaintiff's suit against the defendant could withstand a

16   motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of

17   being able to identify the defendant through discovery such that service of process would be

18   possible.  *Patrick Collins, Inc. v. John Does 1-54*, No. CV-11-1602, 2012 WL 911432, at *3 (D.

19   Ariz. Mar. 19, 2012).

20         When a plaintiff does not know the defendant's identity at the time a complaint is filed,

21   courts may grant the plaintiff's early discovery to determine the doe defendant's identity "unless it

22   is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on

23   other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In *Gillespie*, the Ninth

24   Circuit held that the district court abused its discretion in denying early discovery because it was

25   "very likely" that the requested early discovery—interrogatories directed to named defendants—

26   would "have disclosed the identities of the 'John Doe' defendants." *Id.* at 643; *see also Wakefield v.*

27   *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie*, 629 F.2d at 642); *Young v.*

28

*Transp. Deputy Sheriff I*, No. 08-15584, 2009 WL 2011201, at \*1 (9th Cir. July 6, 2009) (applying the *Gillespie* standard).

Here, Plaintiffs have not made the required showing of good cause.  Specifically, Plaintiffs have not addressed whether they can identify the missing parties with sufficient specificity such that the Court can determine that the defendants are real persons or entities who could be sued in federal court, whether Plaintiffs' suit against the defendants could withstand a motion to dismiss, and whether there is a reasonable likelihood of being able to identify the defendants through discovery such that service of process would be possible.  In addition, although Plaintiffs conclusorily state that they "have been unable to determine the identity of the publishers based on publicly accessible information," they do not specify what steps they have taken in an attempt to determine the identity of the publishers.  Ex Parte Appl. at 4.

Accordingly, Plaintiffs' Ex Parte Application is denied without prejudice.  Plaintiffs are granted leave to re-file an application for expedited discovery.  In addition, the case management conference, currently set for April 14, 2015, is continued to June 30, 2015, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: April 8, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**United States District Court**
For the Northern District of California

1   **C14-05323 HRL Notice will be electronically mailed to:**

2   Ganka Alexandrova Hadjipetrova      gankah@gmail.com

3   **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28