E-Filed 12/11/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TMT INVESTMENTS PLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHN DOE,<br><br>　　　　Defendant. | Case No.  14-cv-05323-HRL<br><br>**ORDER DENYING REQUEST TO RESCHEDULE SHOW-CAUSE HEARING**<br><br>Re: Dkt. No. 17 |

Plaintiffs TMT Investments PLC, German Kaplun, and Alexander Morgulchik sued ten anonymous John Does for defamation, invasion of privacy, interference with business relations, and trademark infringement. Plaintiffs based their claims on the contents of anonymous online blogs. Plaintiffs expressly consented to magistrate jurisdiction and applied for expedited discovery of Defendants' identities. The court denied the application without prejudice for failure to show good cause. Plaintiffs did not reapply for expedited discovery and did not serve any defendants. The court issued an order to show cause why the case should not be dismissed for failure to prosecute. The court scheduled a show-cause hearing for July 28, 2015, but Plaintiffs did not appear for the hearing. The court continued the hearing to August 25, 2015 and Plaintiffs once again failed to appear. On August 31, 2015 the court dismissed the case without prejudice for failure to prosecute.

Approximately one month later Plaintiffs filed a request to reschedule the show-cause hearing. Plaintiffs explain that counsel failed to appear for the hearing on August 25 because counsel forgot to bring her driver's license to court, and so counsel was not permitted past the security checkpoint on the ground floor of the courthouse. Counsel procured her driver's license and returned but she had already missed the hearing by that time. Counsel asserts that she did not timely inform the court she would be late because she was focused on quickly returning to her

1   office, finding her driver's license, and returning to the courthouse.

2   Regardless, Plaintiffs' request to reschedule the show-cause hearing is far from timely and
3   granting that request would serve no purpose at this point. The hearing was scheduled, and then
4   continued, so that Plaintiffs might explain why the case should not be dismissed for failure to
5   prosecute. Plaintiffs might have filed this request shortly after Plaintiffs failed to appear at the
6   August 25 hearing, and the court might have granted the request under those circumstances, but
7   instead Plaintiffs filed nothing for 6 days and the court dismissed the case. This case had already
8   been closed for more than three weeks when Plaintiffs filed this request to reschedule the show-
9   cause hearing. It would serve no purpose to reschedule a hearing on whether to close a case when
10  the case is already closed.

11  The request is denied as procedurally improper.

12  **IT IS SO ORDERED.**

13  Dated: 12/11/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

2